UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

PATRICK O'REILLY MALOY,

Debtor.

Case No. 26-00023-swd
Chapter 13
Hon. Scott W. Dales

PATRICK O'REILLY MALOY,

Plaintiff,

v.

DUNA VISTA RESORTS, TIMOTHY REIMINK, BRIAN MONTON, MONTON LAW, PLC, PRINCE & MONTON, PLC, OCEANA COUNTY, OCEANA COUNTY REGISTER OF DEEDS, THE HUNTINGTON NATIONAL BANK, and DOES 1-10,

Defendants.

Adversary Pro. No. 26-80066

MEMORANDUM OF DECISION AND ORDER

PRESENT: HONORABLE SCOTT W. DALES
Chief United States Bankruptcy Judge

*Pro se* chapter 13 debtor and Plaintiff Patrick O'Reilly Maloy ("Mr. Maloy" or the "Plaintiff") filed an adversary proceeding against numerous persons, including Defendant Huntington National Bank (the "Bank"), alleging a multi-year, multi-generational conspiracy purportedly designed to deprive him of his residence, the property commonly known as 9394 N. Montgomery Blvd., Pentwater, Michigan (the "Property").

Except for the anonymous "John Doe" defendants, all the other defendants have each filed motions to dismiss under Rule 12(b)(6); the Bank, however, answered Mr. Maloy's complaint, and

now moves for judgment on the pleadings under Rule 12(c).[1] *See* Motion of the Huntington National Bank for Judgment on the Pleadings (ECF No. 38, the "Motion"). Mr. Maloy responded to the Motion, the Bank has replied, and the court has reviewed all the papers and determined it may resolve the Motion without requiring oral argument.[2] The Motion has merit and the court will grant it.

The standards governing motions under Rule 12(b)(6) and Rule 12(c) are the same. Under either rule:

> "'… all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" *Jackson v. Prof'l Radiology Inc.*, 864 F.3d 463, 466 (6th Cir. 2017) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). "But we 'need not accept as true legal conclusions or unwarranted factual inferences.'" *Id.* (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). "A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

*Moderwell v. Cuyahoga Cnty., Ohio*, 997 F.3d 653,659 (6th Cir. 2021).

And, while evaluating whether a plaintiff has stated a claim, the court must determine whether the claim is "plausible." The Supreme Court guides this court's interpretation, stating that:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." … A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. …The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

---

[1] References to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure; references to "Rule" are to the Federal Rules of Civil Procedure, made applicable to this Adversary Proceeding.

[2] The court is confining its review to the pleadings, excluding extrinsic matters under Rule 12(d).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)) (internal citations omitted).

Even construed liberally, Plaintiff's complaint, which includes seven counts against the Bank, falls far short of alleging any actionable misconduct by or on behalf of this defendant.

Plaintiff describes the Bank as the "primary adverse actor to this title dispute as it was the prevailing party in the voidable 2008 Default Judgment signed by former Judge Anthony Monton in a flagrant violation of the Servicemembers Civil Relief Act (SCRA), 50 U.S.C. § 3931," and held "clouding ownership claims … from 2008-2015 when said claims were fractured via a judicial partition action ...." Complaint at ¶ 18. The Bank's other offenses, according to the Plaintiff, include the filing of a notice of appearance in the main bankruptcy case earlier this year (but no proof of claim) and a Notice of *Lis Pendens* in 2012 in support of the partition action, later resolved. *Id*. at ¶ 18 (notice of appearance) and ¶ 25 (*lis pendens*).

The complaint itself, however, alleges that the two main offenses (*i.e*., the entry of the Default Judgment and the partition action) were resolved years ago, resulting in Mr. Maloy's acquisition or preservation of his title to the Property. Mr. Maloy's pleading does not identify any current assertion by the Bank of any claim or lien against Mr. Maloy or the Property in the Complaint—indeed, it specifically alleges that the state court has resolved the main offenses evidently (at one time) to Mr. Maloy's satisfaction.[3]

[3] In his response to the Motion, Mr. Maloy mentions a lingering Bank mortgage and *lis pendens* notice from the resolved partition action, but the complaint itself does not identify any such interest or claim. Indeed, the Beacon land record printout (attached to the complaint at Exh. L), does not identify the Bank or any interest of the Bank. In the absence of any specific allegation within the complaint, the court will not infer the Bank's ignorance of related statutory processes or obligations. *See, e.g.,* M.C.L. § 565.41(1) ("Within the applicable time period in section 44(2) after a mortgage has been paid or otherwise satisfied, the mortgagee or the personal representative, successor, or assign of the mortgagee shall prepare a discharge of the mortgage, file the discharge with the register of deeds for the county where the mortgaged property is located, and pay the fee for recording the discharge."); *id.* § 600.2725 (cancellation of notice of pendency).

It goes without saying that filing a notice of appearance is not actionable and does not make an entity a "creditor" much less a "silent creditor presumably waiting for resolution of these Chapter 13 Proceedings to execute an old lien despite reaching settlement in 2015." *Id.* at ¶ 25. A plaintiff's preoccupation is no substitute for plausibility. Mr. Maloy's complaint does not state that the Bank is currently asserting any interest in the Property, and his supposition that the Bank is lying in wait shows that the controversy (real or imagined) is not ripe. Moreover, to say (as Mr. Maloy does) that "any and all liens or claims [by the Bank] are statutorily barred, subject to *res judicata*, and must be avoided" does not allege that the Bank has asserted any such claims. *Id.*

For the sake of completeness, going count by count against the Bank, the court sees no basis for relief. Count II (the lien stripping count), identifies no Bank lien to be stripped, and Count VI (disallowance of claims) identifies no Bank claim. In fact, Mr. Maloy makes much of the fact that the Bank did not file a proof of claim. Neither count states a claim for relief against the Bank.

For similar reasons, the quiet title and "lack of standing" counts (Count X and XII) do not state a claim for relief against the Bank—the Bank has been quite quiet, indeed "silent" with respect to the Property, since approximately 2015 according to the complaint.

Count VII (regarding "comprehensive statutory violations") refers to DVR, not the Bank. To the extent the complaint refers to the 2008 violation of the SCRA, the now-retired Judge Monton righted that wrong. To the extent the complaint seeks a declaration invaliding the 2008 Default Judgment as a violation of the SCRA, the *Rooker-Feldman* doctrine preludes the court from doing so, assuming *arguendo* that relief remains necessary after the resolution in 2015 through the partition action.[4]

[4] *See* Memorandum of Decision and Order dated July 29, 2026, Case No. DG 26-00023, ECF No. 147, at p. 5.

Finally, Counts XVIII and XX (regarding a permanent injunction and declaratory relief), describe remedies, untethered to any current misconduct or claim or lien plausibly attributable to the Bank. They do not support a claim for relief.

To summarize, the complaint fails to state a claim against the Bank. Nevertheless, to avoid procedural confusion, the court follows the federal "single judgment rule" embodied in Rule 54(b), noting that today's decision to grant the Bank's Motion does not end the litigation as to any party or counts. Fed. R. Civ. P. 54(b) (applicable here by Fed. R. Bankr. P. 7054). Instead, the decision is an intermediate step (in this instance a ruling against Mr. Maloy) in resolving the larger Adversary Proceeding. Under the "separate document rule" embodied in Rule 58, the court will likely enter a single document constituting the final judgment after it resolves all counts as to all parties. Fed. R. Civ. P. 58 (applicable here by Fed. R. Bankr. P. 7058). In other words, this Memorandum of Decision and Order is not a final appealable order.

Insofar as this Adversary Proceeding concerns the Bank, it simply reflects a one-sided feud that the court need not and cannot resolve. A plaintiff may seek judicial assistance in resolving a current dispute within the court's jurisdiction, but not hard feelings or fear of future wrongs.

It is true that the Bank has not (in its motion papers) disclaimed any interest in the Property but is also true that the complaint does not allege that the Bank has asserted any interest since resolving the partition action in 2015. As noted above, filing a notice of appearance is not a sufficient predicate for a federal lawsuit.

One might have expected the Bank to set the record straight here and now by disclaiming any interest, but it has instead adopted a rather lawyerly, if not cagey, position focusing on Mr. Maloy's insufficient articulation of his claim. Such a disclaimer, though it might have been helpful in putting the matter to rest, is not required. Instead, having carefully reviewed the specific

allegations against the Bank, the court concludes that the complaint does not raise a present or ripe controversy for decision.

Under the circumstances, because the court finds only that Mr. Maloy's pleading fails to state a live claim, the ultimate order dismissing the complaint against the Bank will not operate as an adjudication on the merits. Neither party has equipped the court to reach the merits. Fed. R. Civ. P. 41(b).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Bank's Motion (ECF No. 38) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall serve this Memorandum of Decision and Order pursuant to Bankruptcy Rule 9022 and LBR 5005-4 upon the Plaintiff (by first class U.S. Mail) and all defendants.

END OF ORDER

**IT IS SO ORDERED.**

**Dated October 22, 2026**

Scott W. Dales
United States Bankruptcy Judge