UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

---

In re:

PATRICK O'REILLY MALOY,

Debtor.

Case No. 26-00023-swd
Chapter 13
Hon. Scott W. Dales

______________________________________/

PATRICK O'REILLY MALOY,

Plaintiff,

v.

DUNA VISTA RESORTS, TIMOTHY REIMINK, BRIAN MONTON, MONTON LAW, PLC, PRINCE & MONTON, PLC, OCEANA COUNTY, OCEANA COUNTY REGISTER OF DEEDS, THE HUNTINGTON NATIONAL BANK, and DOES 1-10,

Defendants.

Adversary Pro. No. 26-80066

______________________________________/

MEMORANDUM OF DECISION AND ORDER

PRESENT: HONORABLE SCOTT W. DALES
Chief United States Bankruptcy Judge

## I. INTRODUCTION

When *pro se* chapter 13 debtor Patrick O'Reilly Maloy (the "Plaintiff") filed his voluntary chapter 13 petition commencing this bankruptcy case (DG 26-00023, the "Base Case"), he continued a multi-year litigation with his homeowners' association ("HOA"), Duna Vista Resorts ("DVR"). After he spent several months predicting he would file an adversary proceeding regarding the real estate commonly known as 9394 N. Montgomery Blvd., Pentwater, Michigan, (the "Property"), Mr. Maloy eventually filed his complaint (ECF No. 1, the "Complaint"), naming

(among other defendants) DVR and its president, Timothy Reimink, in a 21-count complaint premised on DVR's asserting allegedly stale or fraudulent liens against the Property.[1] The Defendants filed a joint motion to dismiss (ECF No. 18, the "Motion"), the Plaintiff responded (ECF No. 45), and DVR replied (ECF No. 48).[2]

Since Mr. Maloy filed this Adversary Proceeding, the court has released its Memorandum of Decision and Order dated July 29, 2026 resolving his objection to DVR's claim (Base Case, ECF No. 147, the "Base Case MDO"), its Memorandum of Decision and Order dated October 21, 2026 (ECF No. 55, the "Monton MDO"), resolving claims against several co-defendants, and its Memorandum of Decision and Order dated October 22, 2026 (ECF No. 56, the "Huntington MDO"), finding no basis for suing a bank at one time interested in the Property.

The court has reviewed the Motion papers (including Mr. Maloy's response), has determined that oral argument is not necessary, and will grant the Motion. Because claims remain pending notwithstanding today's order, this order is interlocutory, as noted in the Monton MDO and Huntington MDO.

## II. FACTUAL BACKGROUND

The court previously discussed the case's extensive factual background in the Monton MDO, and in the interest of brevity will summarize only the key facts. *See* Monton MDO at pp. 2-4.

DVR initiated litigation against Mr. Maloy in the Oceana County Circuit Court (Case No. 22-15625, the "State Court Action"), to collect unpaid HOA dues, fees, and assessments. Within the State Court Action, modeled on the Michigan judicial foreclosure statute, the Hon. Susan Sniegowski granted DVR's motion for summary disposition in an opinion dated Aug. 8, 2024

---

[1] The court will refer to DVR and Timothy Reimink collectively as the "Defendants."

[2] To remedy a servicing error by DVR's counsel, the court granted Mr. Maloy additional time to respond to the Motion. *See* Order dated September 17, 2026 (ECF No. 35).

(Base Case, ECF No. 71 at Exh. AF, the "State Court Opinion"). Several months later, on June 20, 2025, she entered a foreclosure judgment based on the State Court Opinion, formally awarding $52,790.62 to DVR for unpaid HOA dues and related charges, and directing the sale of the Property, if necessary, to satisfy DVR's claim. Complaint at Exh. I (the "Judgment").

In addition to these allegations, Mr. Maloy perceives a broader investment scheme involving DVR's committee on mineral and gas rights, and alleges that DVR compromised the Property, leading to the dog-bite incident described more fully in the Complaint and Monton MDO. *Id.* at ¶ 47; *id.* at Exh. E, ¶ 33.

## III. STANDARD GOVERNING DISMISSAL MOTIONS

The court previously discussed the standard governing dismissal on the pleadings in the Monton MDO and incorporates it by reference into this Memorandum of Decision and Order. *See* Monton MDO at p. 4.

## IV. ANALYSIS

The Defendants argue throughout their Motion that Mr. Maloy is estopped from challenging the Judgment based on the *Rooker-Feldman* Doctrine, and his other claims fail due to various preclusion principles. For reasons underlying the Monton MDO and the Base Case MDO, the court agrees. This estoppel dooms most of Mr. Maloy's claims in this proceeding.

As the court stated in the Monton MDO, under the law-of-the-case doctrine Mr. Maloy cannot challenge this court's prior findings, including the findings in the Base Case MDO, the Monton MDO, and the Huntington MDO. *See* Monton MDO at p. 6, n. 5; *see also Scott v. Churchill*, 377 F.3d 565, 569-70 (6th Cir. 2004) ("The law-of-the-case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'") (quoting *Arizona v. California*, 460 U.S. 605, 628 (1983)). Moreover, as both

the Base Case MDO and the Monton MDO explain, this court lacks authority to review, modify, or otherwise vacate the Judgment under the *Rooker-Feldman* Doctrine. *See* Base Case MDO at p. 5.

Finally, Mr. Maloy may not assert claims that were, or could have been, brought against DVR in the State Court Action due to claim preclusion. *See Mecosta Cnty. Medical Center v. Metropolitan Group Property and Casualty Insurance Company*, 983 N.W.2d 401, 405 (Mich. 2022) ("Res judicata bars a second action on the same claim if '(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.'") (quoting *Adair v. Michigan*, 680 N.W.2d 386, 396 (2004); *see also* Base Case MDO at pp. 9-10.[3]

With these principles in mind, the court will dismiss all of Mr. Maloy's Counts against DVR and Mr. Reimink.

To begin, the reasons to dismiss the various Counts against the Defendants generally, though not perfectly, fall into four categories: (1) Counts dismissed under preclusion principles; (2) Counts dismissed due to the *Rooker-Feldman* Doctrine; (3) Counts dismissed due to law-of-the-case doctrine and; (4) Counts dismissed due to Mr. Maloy's failure to state a claim. The court will address each category in turn.

**a. Preclusion Doctrines**

The first category involves Mr. Maloy's attempt to relitigate claims, or asserting claims that he could have raised, in connection with the State Court Action. Put simply, Mr. Maloy argues that DVR is attempting to collect an invalid debt, either because its covenants and restrictions are

[3] Mr. Reimink, as neither a party nor a privy to the State Court Action, cannot assert *res judicata* or claim preclusion. He may, however, assert non-mutual, defensive, collateral estoppel (*i.e.*, issue preclusion) as the court held in the Monton MDO.

not enforceable or because DVR is violating numerous statutory schemes, even though Judge Sniegowski previously rejected these same arguments. *See* State Court Opinion at pp. 2-3; *see also* the Judgment at p. 2. As a result, the court will dismiss Counts II, IV, VI, VII, X, XI, and XVI against the Defendants.[4]

**b. *Rooker-Feldman* Doctrine**

The second category involves Counts where Mr. Maloy asks this court to invalidate the Judgment. As the court already discussed in both the Monton MDO and the Base Case MDO, it cannot void or cancel the Judgment under the *Rooker-Feldman* Doctrine. *See* Base Case MDO at pp. 4-5; *see also* Monton MDO at p. 6, n. 5. As a result, the court will dismiss Count XVII against the Defendants.

**c. Law-Of-The-Case Doctrine**

The third category involves Mr. Maloy's attempt to relitigate issues *this court* previously decided. In essence, Mr. Maloy uses various statutory schemes, causes of action, and arguments to invalidate DVR's Proof of Claim. This court, however, already allowed DVR's Proof of Claim in the amount of $56,759.16, when it entered the Base Case MDO, estopping Mr. Maloy from revisiting these issues in this Adversary Proceeding.

Additionally, the court made various findings in the Monton MDO, determining that: (1) DVR did not falsely file its Sworn Notice of Claim/Interest in Real Estate; (2) Mr. Maloy cannot allege conversion of real property as a matter of law; (3) Mr. Maloy did not adequately plead a unilateral mistake in Count XIII (deed reformation); (4) the Michigan Rules of Professional Conduct do not

---

[4] In the interest of clarity, the court notes that Mr. Maloy bases Count IV on DVR's special assessments, calling them a federal securities violation, but Judge Sniegowski validated these special assessments in the Judgment. Furthermore, Mr. Maloy does not plausibly plead a claim for relief on Count IV because he simply refers to the special assessments as a *de facto* securities violation. Additionally, Mr. Maloy in Count XVI for breach of contract fails to identify any contractual obligation of DVR to maintain the Property's physical parameters.

create a private right of action and; (5) the allegations concerning the dog-bite incident do not state a claim for violating the automatic stay. *See generally* the Monton MDO. As a result, the court will dismiss Counts I, III, VIII, IX, XIII, XV, and XXI against the Defendants.

**d. Failure To State a Claim**

For the remaining Counts—Counts V, XII, XVIII, XIX, and XX—Mr. Maloy fails to state a claim for relief. In Count V, Mr. Maloy tries to void DVR's lien based on its creation of an oil and gas committee but he does not plausibly state a claim for relief. In Count XIX, Mr. Maloy does not identify a single deceptive debt collection practice used by DVR (given the preclusive findings represented in the Judgment), and similarly, he does not state a claim for relief. Finally, Count XII (DVR's standing), and Count XVIII and XX (Permanent Injunction and Declaratory Relief), do not discuss any misconduct from the Defendants, and simply describe remedies divorced from any independent claim for relief.[5] As a result, the court will dismiss all the aforementioned Counts against the Defendants.

V. CONCLUSION AND ORDER

Due to the multitude of opinions, both by the state court and this court, this Memorandum of Decision and Order treads little new ground. If Mr. Maloy is successful in his current appeal at the Michigan Court of Appeals, he may ask the court to reconsider its findings. *See* 11 U.S.C. § 502(j) (reconsideration of claims); *see also* Fed. R. Civ. P. 60(b)(5) (relief from judgment premised on judgment since reversed). Until then, Mr. Maloy is bound by the decisions of both courts.

---

[5] Count XII, to the extent it is a standing challenge, does not state a cause of action against the Defendants. To the extent, however, Mr. Maloy uses Count XII to once again challenge the validity of DVR's Proof of Claim, this court has already allowed DVR's Proof of Claim as discussed under the law-of-the-case heading of this opinion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 18) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Patrick O'Reilly Maloy (by first class mail) and all other parties who have appeared in this Adversary Proceeding.

END OF ORDER

**IT IS SO ORDERED.**

**Dated November 2, 2026**

Scott W. Dales
United States Bankruptcy Judge